**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | | | | |
|---|---|---|---|---|---|
| In re: | : | | Case No.: | 19-23840-GLT | |
| | : | | Chapter: | 13 | |
| James R. Johns | : | | | | |
| | : | | | | |
| | : | | Date: | 7/29/2020 | |
| *Debtor(s).* | : | | Time: | 09:00 | |

## PROCEEDING MEMO

*MATTER:*   #17 - Confirmation of Chapter 13 Plan Dated 10/28/2019 (NFC)
            #23 - Objection filed by Specialized Loan Servicing

*APPEARANCES:*

    Debtor:    Christopher M. Frye
    Trustee:   Owen Katz
    Ann Johns: Thomas Reilly

*NOTES:* (9:06)

Katz: There was payment default at the time of previous conciliation.  We've since posted two payments in the total of $8,600 - arrears through July are $17,000.

Frye: Since that time I've received two cashiers checks in another $8,600 - that would be four monthly payment in two months.  There is the ability for the debtor to get caught up.

Court: Why wasn't there a wage attachment in place?

Frye: He asked there not be an attachment

Court: Was there a request made to waive the requirements?

Frye: No.

Court: The local rule is very clear that a wage attachment is the rule and not the exception.  When there's no timely payment that's the first thing I look at.

Reilly:  At the time of the conciliation, we were about $26,000 in arrears.  That's when the $8,600 payment was made.  Our concern is that the debtor doesn't have regular income, but is making payments only when a court appearance is coming up.  There was no payment made in November of 2019, and that payment was forgiven in December.  My client is worried there's no steady income to support the plan.  Our original concern was whether there was going to be a lien avoidance action.

Court: Is there a timeframe during which you'd plan on filing the avoidance action?

Frye: Within the next 2 weeks to 30 days.

Court: Based on this, it's significant that a double payment was made in July and that two additional payments are anticipated.  I will give the debtor another opportunity.  Given the poor payment history and the requirements under the local rules, I will impose a direction that the debtor file a motion for wage attachment within the next 14 days.  And that any lien avoidance action is filed within 60 days.  I will continue this to October 26 at 9:30.

*OUTCOME:*

1. Confirmation of Chapter 13 Plan Dated 10/28/2019 (NFC) [Dkt. No. 17] is CONTINUED to October 28, 2020 at 9:30 a.m. [Text Order to Issue]

2. On or before August 12, 2020, the debtor shall file a motion for a wage attachment in an amount of no less than $4,327 per month [Text Order to Issue]

3. On or before September 25, 2020, should the debtor intend to do so, the debtor shall file any lien avoidance/valuation actions [Text Order to Issue]

**DATED:**  7/29/2020